UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAYETTE C. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV2397 CDP |
| ) | |
| HERBERT L. BERNSEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Layette Williams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not exhausted his available state remedies, and as a result, I will order him to show cause why this action should not be dismissed for failure to exhaust state remedies before filing in federal court.

On July 28, 2011, petitioner pled guilty to misdemeanor stalking and sexual misconduct.  State v. Williams, 11SL-CR01564 (St. Louis County).  He was sentenced to one year imprisonment and given a suspended execution of sentence.  On December 10, 2012, petitioner's probation was revoked, and he was sentenced to one year in the custody of the Department of the Justice Services - no early release.

Petitioner did not file an appeal.  Petitioner filed the instant federal petition for writ of habeas corpus on December 18, 2012.  Petitioner has not filed any motion for postconviction relief in state court.

Under 28 U.S.C. § 2254(b), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . ."

In Missouri, the general petition for writ of habeas corpus pursuant to Rule 91 of the Missouri Rules of Civil Procedure is still available to petitioner. Petitioner should file such a motion in the appropriate court, see Mo. R. Civ. P. R. 91.02, before seeking relief in this Court. As a result, I will direct petitioner to show cause why the instant petition should not be dismissed for failure to exhaust available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause within thirty (30) days why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to exhaust available state remedies.

**IT IS HEREBY ORDERED** that if petitioner fails to respond to this Order, this action will be dismissed.

Dated this 7th day of February, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE