UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAYETTE C. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV2397 CDP |
| ) | |
| HERBERT L. BERNSEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before me on petitioner's response to show cause. Petitioner brought this action under 28 U.S.C. § 2254 without first exhausting available state remedies, and I directed him to show cause why this action should not be dismissed. Petitioner responded, but his response failed to address the issue of exhaustion.

On July 28, 2011, petitioner pled guilty to misdemeanor stalking and sexual misconduct. State v. Williams, 11SL-CR01564 (St. Louis County). He was sentenced to one year imprisonment and given a suspended execution of sentence. On December 10, 2012, petitioner's probation was revoked, and he was sentenced to one year in the custody of the Department of the Justice Services - no early release.

Petitioner did not file an appeal. Petitioner filed the instant federal petition for writ of habeas corpus on December 18, 2012. Petitioner has not filed any motion for postconviction relief in state court.

Under 28 U.S.C. § 2254(b), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."

In Missouri, the general petition for writ of habeas corpus pursuant to Rule 91 of the Missouri Rules of Civil Procedure is still available to petitioner. Petitioner should file such a motion in the appropriate court, see Mo. R. Civ. P. R. 91.02, before seeking relief in this Court. As a result, I will dismiss the instant petition for failure to exhaust available state remedies.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether he has exhausted the remedies available to him in the state courts. Thus, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 19th day of March, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE